UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN MARCOS-CHAVELA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH, et al.,<br><br>Defendants. | CASE NO. 2:22-cv-00975-JHC<br><br>ORDER |

**I.**

**INTRODUCTION**

This matter comes before the Court sua sponte. The Court has examined Plaintiff Susan Marcos-Chavela's complaint (Dkt. # 5) and for the reasons discussed below DISMISSES it with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.**

**BACKGROUND**

Magistrate Judge Michelle L. Peterson granted pro se Plaintiff in forma pauperis ("IFP") status and recommended the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. # 4.

ORDER - 1

Plaintiff's claim is difficult to decipher because it is largely illegible. In terms of the defendants, all that the Court could discern from the complaint is that Plaintiff intends to sue the State of Utah, the State of South Carolina, and "New England States Collective" for an alleged religious conspiracy. Dkt. # 5. Under the section entitled "Statement of the Claim," Plaintiff appears to write: "In each State a Religion [undecipherable] collusion to another [undecipherable] have committed heinous acts to inclusion viola[undecipherable] [undecipherable], civil and criminal laws up to Treason." *Id.* at 5. In the margin, it appears there is something unintelligible about the "U.S. Navy." *Id.* Under the section entitled "Relief," Plaintiff appears to write: "Remove . . . Amy Coney from Bench. [Undecipherable] protection for [undecipherable] + State of Utah for [undecipherable] for 'sperm donors.'" *Id.* In the margin, it appears that it says "Allow [undecipherable] Roman Catholics not [undecipherable]." *Id.*

### III.
#### ANALYSIS

A.  28 U.S.C. § 1915(e)(2)(B)(ii)

Courts must dismiss an IFP complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief may be granted."). Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the law does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 555). A claim must be "plausible on its face." *Bell Atl. Corp.*, 550 U.S. at

570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). Courts need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft*, 556 U.S. at 678. Courts construe a pro se plaintiff's pleadings liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Even liberally construed, Plaintiff's allegations do not raise their "right to relief above the speculative level." *See Bell Atl. Corp.*, 550 U.S. at 555. The Court cannot determine who the parties are, what factual allegations are being asserted, and the legal basis of Plaintiff's claim. Plaintiff has not stated a claim on which relief may be granted.

B.   28 U.S.C. § 1915(e)(2)(B)(i)

Courts must dismiss an IFP complaint if it is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i) ("[T]he court shall dismiss the case at any time if the court determines that the action . . . is frivolous."). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is legally frivolous if it is "based on an indisputably meritless legal theory." *Smith v. Washington*, No. C17-5680, 2017 WL 6816511, at *1 (W.D. Wash. Dec. 19, 2017), *report and recommendation adopted*, No. CV C17-5680, 2018 WL 309786 (W.D. Wash. Jan. 5, 2018). A claim is factually frivolous if it is "fanciful." *Neitzke*, 490 U.S. at 325 ("[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

To the extent that the Court can determine what Plaintiff is saying in their complaint, the factual allegations appear fanciful and frivolous.

It also appears that Plaintiff intends to sue multiple States but has pleaded no facts that would suggest that these States have waived their Eleventh Amendment sovereign immunity. *See Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021) ("Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign

immunity."). Nor does the Court have the authority to "remove" Justice Coney Barrett from the "bench." *See* U.S. Const. art. I, § 3, cl. 6–7 (conferring the Senate the "sole power to try all impeachments"). The Court cannot grant Plaintiff the remedy they seek and Plaintiff's legal theory appears wholly meritless. As a result, Plaintiff's claim is legally frivolous.

C.   Leave to Amend

When a court dismisses a pro se plaintiff's complaint, the court must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–31 (9th Cir. 2000) (reversing a district court's dismissal of a pro se IFP claim without leave to amend when the deficiency in the complaint was curable).

Plaintiff has not stated a plausible claim. Plaintiff's complaint is also both factually and legally frivolous. There is no reasonable basis for concluding that amendment could cure this complaint so leave to amend is inappropriate. Thus, Plaintiff's claim is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915(e)(2)(B)(ii) with prejudice.

## IV.

### Conclusion

This Court DISMISSES Plaintiff's complaint (Dkt. #5) with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as legally and factually frivolous and 28 U.S.C. § 1915(e)(B)(ii) for failure to state a claim on which relief may be granted.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 29th day of July, 2022.

*John H. Chun*
John H. Chun
United States District Judge

ORDER - 4